UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 4:CR- 330 |
| : | |
| JEFFREY SNYDER, : | (Judge Brann) |
| : | |
| Defendant. : | |

INDICTMENT

FILED
WILLIAMSPORT

THE GRAND JURY CHARGES:

DEC 1 2 2024

PER____NR____
DEPUTY CLERK

COUNT 1
21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute a Controlled Substance)

On or about April 8, 2024, in Snyder County, within the Middle District of Pennsylvania, the defendant,

JEFFREY SNYDER,

did knowingly and intentionally possess with intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and possession of an unspecified quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

Before Jeffrey Snyder committed the offense in this count, Jeffrey Snyder had a final conviction for a serious drug felony, namely, a conviction under Title 35 Pennsylvania Code Section 780-113 (A)(30), Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver a Controlled Substance, in Snyder County, Pennsylvania on November 20, 2015, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instantaneous offense.

In violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and (b)(1)(C).

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
18 U.S.C. § 922(g)
(Felon Not to Possess a Firearm)

On or about April 8, 2024, in Snyder County, within the Middle District of Pennsylvania, the defendant,

**JEFFREY SNYDER,**

knowing he had previously been convicted of a crime punishable by

2

imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit, an Astra 357 revolver bearing serial number 159043, loaded with six rounds of ammunition, and the firearm and ammunition were possessed in and affecting commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 3</u><br>
18 U.S.C. § 924(c)<br>
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about April 8, 2024, in Snyder County, within the Middle District of Pennsylvania, the defendant,

<b>JEFFREY SNYDER,</b>

did knowingly possess the firearm described in Count 2 of this Indictment, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, as alleged in Count 1 of this Indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE ALLEGATION

The allegations contained in counts one through three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

Pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 922(g)(1), the defendant,

## JEFFREY SNYDER

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offenses, and any firearms and ammunition involved in the commission of the offense. The property to be forfeited includes, but is not limited to the following:

   a. An Astra 357 revolver bearing serial number 159043.

   b. 6 rounds of 357 hollow point ammunition.

   c. $1,390.40 cash.

If any of the property described above, as a result of any act or omission of the defendant:

   a. Cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

GERARD M. KARAM
United States Attorney

████████████
GRAND JURY FOREPERSON

*Robin Zenzinger*
ROBIN ZENZINGER
Assistant United States Attorney

12/12/24
Date